IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAREMONT CORPORATION,<br><br>             Plaintiff;<br><br>v.<br><br>ACE PROPERTY & CASUALTY INSURANCE COMPANY; AIU INSURANCE COMPANY; FEDERAL INSURANCE COMPANY; GREAT NORTHERN INSURANCE COMPANY; ST. PAUL MERCURY INSURANCE COMPANY; AND ZURICH INSURANCE COMPANY,<br><br>             Defendants. | Civil Action No. 12-1379-RGA |

MEMORANDUM ORDER

Before the Court is Plaintiff Maremont Corporation's Motion for Reconsideration of or to Amend or Alter the Court's Summary Judgment Opinion. (D.I. 290). The Court has considered Maremont's motion and Defendant Zurich Insurance Company's ("ZIC") response. (D.I. 293). For the reasons set forth herein, the motion is **GRANTED IN PART**. Familiarity with the summary judgment opinion (D.I. 288) is presumed.

Reconsideration is generally appropriate only when there is: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). In addition, "the court should reconsider a prior decision when it appears the court has overlooked facts or precedent which, had they been considered, might

1

reasonably have altered the result." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991), *aff'd sub nom. United States v. Carper*, 22 F.3d 303 (3d Cir. 1994).

Maremont requests reconsideration of two issues: (1) my finding that there was no shared subjective intent with respect to the series loss provisions and (2) my finding that there was no shared subjective intent with respect to the drop down endorsement. (D.I. 290 at p. 2). In the alternative, Maremont requests permission for an interlocutory appeal. (*Id.* at p. 10).

"[C]ertification of an interlocutory appeal is granted sparingly and only in exceptional circumstances." *In re Montgomery Ward & Co., Inc.*, 2006 WL 2989270, at *1 (D. Del. Oct. 18, 2006). To be subject to interlocutory appeal, an "order must (1) involve a 'controlling question of law,' (2) offer 'substantial ground for difference of opinion' as to its correctness, and (3) if appealed immediately 'materially advance the ultimate termination of the litigation.'" *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). Maremont offers only conclusory statements that these factors are met. Such bare statements cannot meet the burden of showing exceptional circumstances. Maremont's request to seek interlocutory appeal is denied.

Maremont requests reconsideration of my determination that there was no shared subjective intent with respect to the drop down provision because there is "ample evidence" of a shared subjective intent. (D.I. 290 at p. 9). Maremont fails to identify any evidence that was not addressed in my summary judgment opinion. (*See* D.I. 288 at pp. 11-13). Reconsideration of that determination is denied.

The same cannot be said for my determination that there was no evidence of a shared subjective intent with respect to the series loss provisions. I stated in my opinion, "The only evidence in the record [with respect to Alusuisse's intent] is that Alusuisse was seeking the broadest coverage available." (*Id.* at p. 7). Maremont has directed my attention to evidence that

2

I overlooked. It notes that Konrad Wild, Alusuisse's former risk manager, testified that Alusuisse intended that the series loss provisions would operate prospectively. (D.I. 290 at p. 5). As I noted in my opinion, there was evidence both ways with respect to ZIC's intention. There is therefore some evidence from which a jury could find that both parties intended the series loss provisions to operate prospectively.

Upon reconsideration, I find that Maremont has presented enough evidence to create a triable issue of fact with respect to the parties' shared subjective intent regarding the series loss provisions. I therefore withdraw my previous ruling on that issue.

I am unsure of the availability of counsel, so the parties are directed to choose a desired date for trial. The sole issue for trial will be whether the parties had a shared subjective intent with respect to the series loss provisions, and, if so, what they intended. The parties are directed to submit a joint letter within two weeks to the Court advising of: (1) the desired date of trial, (2) anticipated time needed for trial, and (3) proposed witnesses.

Entered this 11 day of August, 2015.

Richard G. Andrews
United States District Judge